## LEE et al. *v.* SEWALL et al.

Where a creditor of a partnership, for the payment of whose debts a third person had bound himself as surety, takes from the partners a note payable at a future day in settlement of a debt due him by open account, the prolongation of the term of payment will discharge the surety. C. C. 3032.

APPEAL from the District Court of Caddo, *Taylor*, J. *Crain*, for the plaintiffs. *Lawson*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The petitioners allege that they are the holders of a note in their favor, made by *Charles A. Sewall & Co.* in liquidation, dated in May, 1841, and payable at ninety days after date, with interest at ten per cent from the 10th June then next, given for a debt due by *Sewall & Co.* to the petitioners; that, on the 12th January, 1841, the partners of that firm, *Sewall* and *Williamson*, dissolved their partnership, and that, by a written instrument dated on that day, *Sewall*, as principal, and *Gilmer*, as surety, bound themselves to pay all the debts and liabilities of the firm, and to save *Williamson* harmless from them; the consideration of which obligation was that *Williamson* had transferred to *Sewall* all his interest in the partnership assets. Judgment is accordingly prayed for against the defendants as principal and surety, for the amount of the note and interest, after allowing certain credits. *Gilmer* answered by a general denial, and also pleaded specially that, if he ever was liable as surety, he had been discharged by the plaintiffs' having given time to the principal. He also pleaded novation since the contract of suretyship was entered into by him. There was judgment for the plaintiffs for the amount of the note and interest, after allowance of certain payments, and the defendant *Gilmer* has appealed.

It appears that the note, which forms, together with the obligation of suretyship, the basis of this action, was given by *Sewall* in settlement of an open account due by *Sewall & Co.*, before the dissolution, to the plaintiffs. The note bears date after the dissolution and the defendants obligation, and there is no testimony to show, that the other partner, *Williamson*, ever conferred any authority upon *Sewall* to bind the firm by note after the dissolution, nor any approval of the new arrangement, either by *Williamson* or by *Gilmer*.

The question is thus presented, whether the taking of the note, payable at a future day, with ten per cent interest for an indebtedness theretofore existing in the form of an open account, has discharged *Gilmer*. The plaintiffs contend that the obligation which *Gilmer* executed, contains a *stipulation pour autrui*, to the benefit of which they are entitled, under articles 1884 of the Civil Code, and 35 of the Code of Practice. If this be conceded, they then stand as though they were parties to that agreement; in other words, as though, on the 12th January, 1841, *Sewall*, as principal, and *Gilmer*, as surety, had promised the plaintiffs to pay them the balance of the open account due by *Sewall & Co.* But "the surety is discharged when, by the creditor, the subrogation to his rights, mortgages, and privileges, can no longer be operated in favor of the surety." Civil Code, 3030; see also 3032. Here time was given by the plaintiffs to *Sewall*, without the consent of *Gilmer*; and, even if the obligation executed by *Gilmer* was one of which the plaintiffs could have availed themselves, they have discharged him by their own act. See the case of *Mouton* v. *Noble*, 1 Ann. Rep. p. 192.

It is therefore decreed that the judgment rendered against the said *David Gilmer* be reversed, and that there be judgment in his favor, with costs in both courts.